UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>U.S. DISTRICT COURT, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.:  24cv296-LL-SBC<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, the Petition is dismissed without prejudice.

**I.　　FAILURE TO SATISFY FILING FEE REQUIREMENT**

　　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C. foll. § 2254.

**II.　　FAILURE TO NAME A PROPER RESPONDENT**

　　　　Additionally, Petitioner has failed to name a proper respondent. On a federal habeas petition, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rules

Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). Here, Petitioner has incorrectly named "U.S. District Court," "Judges/Clerk Office Deputy," and "Hon. Janis L. Sammartino" as Respondents. ECF No. 1 at 1. For this Court to entertain the Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## III.   FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

The Petition is also subject to dismissal because a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973). "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Here, Petitioner indicates that the instant Petition concerns "a conviction," "a sentence," "jail or prison conditions," "parole," "credits", "prison discipline," and "access to legal materials." ECF No. 1 at 2. The first ground for relief, however, asserts a problem with "access to legal materials" and law library access due to "segregation", "security

housing," "solitary," or "lock-up" resulting in a due process violation and deprivation of the right to meaningful access to the courts. *Id.* at 3. Meanwhile, Petitioner does not appear to clearly articulate a second ground for relief. Instead, Petitioner primarily appears to use the space provided on the habeas form to outline the requirements for preparation and filing of a petition and to allude to state and federal constitutional violations arising from the current dormancy of several prior federal habeas actions he filed due to his inability to satisfy the filing fee requirement in those cases. *See id.* at 4. Upon review, Petitioner's claims are not cognizable on habeas because it is unclear how they challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *see also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

## IV.   CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED WITHOUT PREJUDICE**. If Petitioner wishes to proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **May 3, 2024**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order; **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application, a blank 28 U.S.C. § 2254 Amended Habeas Petition form, and a blank 42 U.S.C. § 1983 Civil Rights Complaint form with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  March 4, 2024

_____
Honorable Linda Lopez
United States District Judge