UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>U.S. DISTRICT COURT, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 24cv296-LL-SBC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 3]** |

On February 9, 2024, Petitioner Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. On March 4, 2024, the Court dismissed the Petition without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent, and failure to state a cognizable claim on habeas corpus. *See* ECF No. 2 at 3. In addition, the Court directed Petitioner that if he wished to proceed with a habeas action challenging the fact or duration of his confinement, he must submit both (1) a completed First Amended Petition form that cured the pleading deficiencies identified by the Court and (2) either the $5.00 filing fee or adequate proof of his inability to pay the fee on or before May 3, 2024. *Id.* On March 11, 2024, Petitioner filed a Motion to Proceed in Forma Pauperis ("IFP"). ECF No. 3, Motion to Proceed IFP ("Motion" or "Mot."). Petitioner has not yet filed a First Amended Petition.

## I. MOTION TO PROCEED IFP

A motion to proceed in forma pauperis made by a state prisoner must not only include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee but must also include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rules Governing § 2254 Cases, Rule 3(a)(2), 28 U.S.C. § foll. 2254; *see also* S.D. Cal. CivLR 3.2. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." S.D. Cal. CivLR 3.2(b); *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has submitted the required affidavit, he has failed to provide the Court with the required prison certificate and certified copy of his trust fund account statement. *See* Mot. at 1–4. The Court acknowledges Petitioner's indication that "[t]hey refuse[d] me twice already of copy of trust account records." *Id.* at 1. However, because Petitioner fails to offer any information as to whether these asserted refusals were recent, much less whether they occurred in relation to the instant case rather than one of Petitioner's numerous other, largely previous, cases[1], the Court is not presently inclined to waive the filing fee requirement based on such vague assertions. *See id.* at 1–2. Moreover, given that Petitioner still has ample time to comply with the May 3, 2024 deadline previously set out by the Court for satisfying the filing fee requirement and the Court directs the Clerk of Court to again provide Petitioner with a blank IFP application, no

---

[1] Indeed, the front page of the instant Motion lists twelve separate case numbers, seven of which appear to have been filed in this district in 2023 and five of which appear to have been filed in this district in 2024. *See* Mot. at 1.

prejudice is apparent from denying the instant request at this time with leave to resubmit.[2] Therefore, because Petitioner has not provided the Court with the required financial information, the Court **DENIES** the Motion to Proceed IFP without prejudice to resubmission.

## II. CONCLUSION

For the reasons discussed, the Court **DENIES** Petitioner's Motion to Proceed IFP [ECF No. 3] without prejudice to resubmission. This case remains dismissed without prejudice pursuant to the Court's March 4, 2024 Order.

Again, Petitioner is reminded that if he wishes to reopen this case and proceed with a habeas action challenging the fact or duration of his confinement, he must submit, no later than **May 3, 2024**, **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee.

Petitioner is also again reminded that if he wishes to instead challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Clerk of Court is again directed to send Petitioner a blank In Forma Pauperis Application together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: March 26, 2024

Honorable Linda Lopez
United States District Judge

---

[2] The Court finds an additional lack of any apparent prejudice stemming from the fact that Petitioner has not, to date, filed the requisite First Amended Petition curing the pleading deficiencies the Court previously identified. Thus, even if the Court was inclined to waive the filing fee requirement based on Petitioner's assertions, the instant habeas action could not in any event proceed at this time.