UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>                      Petitioner,<br><br>vs.<br><br>U.S. DISTRICT COURT, et al.,<br><br>                      Respondents. | Case No.: 24cv296-LL-SBC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 5]** |

      On February 9, 2024, Petitioner Wayne Elijah Jones ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 4, 2024, the Court dismissed the Petition without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent, and failure to state a cognizable claim on habeas corpus. ECF No. 2 at 3. In addition, the Court directed Petitioner that if he wished to proceed with a habeas action challenging the fact or duration of his confinement, he must submit both (1) a completed First Amended Petition form that cured the pleading deficiencies identified by the Court and (2) either the $5.00 filing fee or adequate proof of his inability to pay the fee on or before May 3, 2024. *See id.* On March 11, 2024, Petitioner filed a motion to proceed in forma pauperis ("IFP"). ECF No. 3. On March 26, 2024, the Court denied the motion to proceed IFP for failure to provide the Court with the required financial information and reminded Petitioner he must both

1

satisfy the filing fee requirement and file a First Amended Petition form to reopen and proceed with the instant case which cures the pleadings deficiencies previously outlined on or before May 3, 2024. ECF Nos. 3, 4. On April 5, 2024, Petitioner filed a second motion to proceed in forma pauperis. ECF No. 5, Motion to Proceed IFP ("Motion" or "Mot."). Petitioner has not yet filed a First Amended Petition.

## I.   MOTION TO PROCEED IFP

A motion to proceed in forma pauperis made by a state prisoner must not only include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee but must also include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rules Governing § 2254 Cases, Rule 3(a)(2), 28 U.S.C. § foll. 2254; *see also* S.D. Cal. CivLR 3.2. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." S.D. Cal. CivLR 3.2(b); *see also* 28 U.S.C. § 1915(a)(2).

While Petitioner has again submitted the required affidavit, he has failed to provide the Court with the required prison certificate and certified copy of his trust fund account statement. *See* Mot. at 1–3. Instead, on the Trust Account Withdrawal Authorization form included with the instant motion, Petitioner specifically indicates that he "does not approve" the agency holding him in custody to prepare the required certified copy of his trust account statement. *Id.* at 4. Thus, because Petitioner has not provided the Court with the required financial information again, the Court **DENIES** the instant Motion to Proceed IFP in forma pauperis without prejudice to resubmission.

## II.   CONCLUSION

For the reasons discussed, the Court **DENIES** Petitioner's Motion to Proceed IFP [ECF No. 5] without prejudice to resubmission. This case remains dismissed without prejudice pursuant to the Court's March 4, 2024 Order.

Again, Petitioner is reminded that if he wishes to reopen this case and proceed with a habeas action challenging the fact or duration of his confinement, he must submit, no later than **May 3, 2024**, **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee, the latter of which must include the required financial information outlined above.

Petitioner is also again reminded that if he wishes to instead challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number.[1] The Clerk of Court is again directed to send Petitioner a blank In Forma Pauperis Application together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: April 12, 2024

Honorable Linda Lopez
United States District Judge

---

[1] For instance, Petitioner's cursory reference in the instant motion to "still being attack [sic] by employees of CDCR" at the state prison where he is currently confined, is not cognizable on habeas review for the reasons previously discussed in the Court's March 4, 2024 Order. *See* ECF No. 5 at 6; ECF No. 2 at 3. It is unclear how these contentions challenge the constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480–85 (1994); *see also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc). Therefore, to the extent Petitioner wishes to pursue those claims, he must do so, if at all, in a civil rights action filed under 42 U.S.C. § 1983.